UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOSEPH ROLKA

        Plaintiff,                      Case No. 16-
vs.                                             Hon.

TAYLOR POLICE SERGEANT HILL
TAYLOR POLICE CORPORAL THIVIERGE
TAYLOR POLICE OFFICER CARROLL
TAYLOR POLICE OFFICER BARNOSKY

        Defendant.

_____/

DANIEL G. ROMANO (P49117)
STANLEY I. OKOLI (P73722)
Attorneys for Plaintiffs
23880 Woodward Avenue
Pleasant Ridge, MI 48069
248-750-0270 / fax 248-936-2105
Dromano@romanolawpllc.com
Sokoli@romanolawpllc.com
_____/

*There is no other pending or resolved civil action in existence between these parties or other parties arising out of the transaction or occurrence alleged in this Complaint.*

**COMPLAINT & DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, JOSEPH ROLKA, by and through his attorneys, ROMANO LAW P.L.L.C., and Complaining against the aforementioned Defendant, would aver unto this Honorable Court as follows:

**PARTIES, JURISDICTION AND VENUE**

1

1. Plaintiff Joseph Rolka (hereinafter "plaintiff") was a resident of the County of Wayne, City of Detroit and State of Michigan at the relevant times.

2. Officers Hill, Thivierge, Carroll and Barnosky (hereinafter "defendants") were at all pertinent times, police officers in the employ of the Taylor Police Department, County of Wayne in the State of Michigan, who at all relevant times were acting under color and scope of the authority vested in them as law enforcement agents.

3. Jurisdiction belongs to this Honorable Court pursuant to 28 U.S.C. § 1331 which is applicable to federal questions posed by 42 U.S.C. § 1983 claims as brought in this instance by Plaintiff.

4. This Honorable Court maintains jurisdiction over Plaintiff's state claims pursuant to the Federal Rule of Civil Procedure 18 and 28 U.S.C. §1367 as codifies supplemental jurisdiction or, previously, pendent jurisdiction as was articulated in *United Mine Workers of America v. Gibbs*, 383 US 715 (1966).

5. Venue is proper in the United States District Court for the Eastern District of Michigan as the locus within which the entirety of the events complained of transpired.

**GENERAL ALLEGATIONS**

6. Late May 24, 2015, the then minor Plaintiff Joseph Rolka was riding his dirt bike when the Defendants began pursuing him.

7. One of the Defendants struck the Plaintiff's dirt bike with his patrol car, whereupon he fell, got up and continued running.

2

8. The Defendants continued to pursue him, deploying their Tasers against him several times.

9. When they apprehended the Plaintiff, the Defendants began cursing loudly at him.

10. Having handcuffed his hands behind his back, the Defendants began punching him.

11. The Plaintiff was asked "you think you can run from me?" as the Defendants continued their exertions.

12. Even as he was so restrained, the Defendants continued to deploy their Tasers against him.

13. The Plaintiff never was told what he was being charged with.

14. Three unknown Taylor police officers arrived at the Plaintiff's mother's house to inform her that several kids had been causing mayhem on Telegraph and Goddard.

15. Two hours later, Beth Rolka – the Plaintiff's mother – received another call with instructions to drive to the Oakwood Hospital, Taylor, as her consent was needed to treat the Plaintiff.

16. Beth Rolka arrived at the hospital to find her son – the Plaintiff – handcuffed to a hospital bed, covered from head to toe in blood, eyes black and blue and swollen shut.

17. The Plaintiff was suffused with pain, particularly in his jaw, nose and eyes.

18. Final diagnosis at the hospital included:1) Mandible fracture; 2) Periorbital contusion of the right eye; 3) Closed head injury; 4) Laceration of the arm.

19. The Plaintiff's jaw looked to be fractured in 2 places, with one as an open fracture.

20. Lacerations were also noted in the Plaintiff's mouth/throat.

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

21. The Plaintiff was then transferred to Children's Hospital downtown Detroit, where his jaw was wired shut and he became an inpatient.

22. The Plaintiff's elbow injury require five stitches.

23. The Plaintiff could not brush his teeth for 7 weeks; although the Plaintiff had some preexisting teeth issues, he had to have a root canal as a result

24. That as a direct and proximate result of the wrongful acts of Defendant as set forth above, Plaintiff suffered debilitating injuries some of which are permanent, and which include:

   a. Continued jaw pain post treatment

   b. Inability to eat solid foods

   c. Nervousness around law enforcement agents

   d. Emotional scars

25. That as a direct and proximate result of the wrongful acts of Defendant which inflicted such grievous injuries upon Plaintiff, he:

   a. Suffered shock, emotional damages and anxiety;

   b. Was unable to attend to his usual affairs as heretofore was his habit;

   c. Was hampered in his enjoyment of life;

   d. Was forestalled from living normally as he did hitherto to the incident;

26. The amount in controversy exceeds Seventy-Five Thousand Dollars and is otherwise within the jurisdiction of this court.

**COUNT I**
**42 U.S.C. § 1983**

27. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein

28. That 42 U.S.C. § 1983 ascribes civil liability for the deprivation of any rights, privileges and immunities vouchsafed by the U.S. Constitution and all laws of the United States and the State of Michigan.

29. That at times relevant to the events herein complained of, the Defendants were acting under color of law and scope of the authority vested in them as law enforcement agents.

30. That at all times material herein, the Defendant deprived Plaintiff of his rights, privileges and immunities vouchsafed by the Constitution of the United States, and specifically by its Fourth and Fourteenth Amendments.

31. The amount in controversy exceeds Seventy-Five Thousand Dollars and is otherwise within the jurisdiction of this court.

**WHEREFORE**, Plaintiff demands judgment against Defendant in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

## COUNT II
## ASSAULT AND BATTERY

32. Plaintiff re-alleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

33. That Defendant did assault and batter the Plaintiff.

34. That the physical contact was initiated without the Plaintiff's consent and was offensive, harmful and unwarranted.

35. That the physical contact was unwarranted by the Plaintiff who was compliant in the absence of probable cause.

36. That as a result of the aforesaid assault and battery, the Plaintiff suffered emotional harm and physical injury.

37. The amount in controversy exceeds Seventy-Five Thousand Dollars and is otherwise within the jurisdiction of this court.

**WHEREFORE**, Plaintiff demands judgment against Defendant in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

39. That the Defendant exhibited extreme and outrageous conduct towards Plaintiff including by brutalizing him when he needed medical attention.

40. That the Plaintiff remains emotionally distressed as a result of the incident.

41. The amount in controversy exceeds Seventy-Five Thousand Dollars and is otherwise within the jurisdiction of this court.

**WHEREFORE**, Plaintiff demands judgment against Defendant in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

### COUNT IV – FALSE ARREST

42. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

43. That the Defendant falsely arrested the Plaintiff, which arrest was effectuated without legal justification.

44. That the Defendant detained the Plaintiff, which detainment amounted to an arrest in the absence of probable cause.

45. The amount in controversy exceeds Seventy-Five Thousand Dollars and is otherwise within the jurisdiction of this court.

**WHEREFORE**, Plaintiff demands judgment against Defendant in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

### COUNT V – FALSE IMPRISONMENT

46. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

47. That by reason of the wrongful acts of the defendant-officers, Plaintiff was falsely detained.

LAW OFFICES
**ROMANO LAW, PLLC**
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

48. That Plaintiff's detainment occurred in the absence of probable cause.

 **WHEREFORE**, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

### COUNT VI – MALICIOUS PROSECUTION

49. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

50. That the defendant-officers unjustifiably processed the Plaintiff, charged him and detained him.

51. That the aforesaid charges were maliciously brought against Plaintiff in the absence of legal justification or probable cause.

 **WHEREFORE**, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

        Respectfully submitted,

        **ROMANO LAW, P.L.L.C.**

BY: /s/ *Stanley I. Okoli*
   DANIEL G. ROMANO (P49117)
   STANLEY I. OKOLI (P73722)
   Attorney for Plaintiff
   23880 Woodward Ave.
   Pleasant Ridge, MI 48069
   Phone: (248) 750-0270
   Fax (248) 936-2105

July 27, 2016

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOSEPH ROLKA

                Plaintiff,                      Case No. 16-

  vs.                                                Hon.

TAYLOR POLICE SERGEANT HILL
TAYLOR POLICE CORPORAL THIVIERGE
TAYLOR POLICE OFFICER CARROLL
TAYLOR POLICE OFFICER BARNOSKY

                Defendant.
_____/

DANIEL G. ROMANO (P49117)
STANLEY I. OKOLI (P73722)
Attorneys for Plaintiffs
23880 Woodward Avenue
Pleasant Ridge, MI 48069
248-750-0270 / fax 248-936-2105
Dromano@romanolawpllc.com
Sokoli@romanolawpllc.com
_____/

**DEMAND FOR JURY TRIAL**

    **INTO COURT, NOW COMES** Plaintiff, by and through his attorneys, ROMANO LAW P.L.L.C., and hereby formally requests for a trial by a jury of the facts and issues presented in the aforesaid causes of action.

9

         Respectfully submitted,

         **ROMANO LAW, P.L.L.C.**

      BY:  /s/ *Stanley I. Okoli*
         DANIEL G. ROMANO (P49117)
         STANLEY I. OKOLI (P73722)
         Attorney for Plaintiff
         23880 Woodward Ave.
July 27, 2016     Pleasant Ridge, MI 48069
         Phone: (248) 750-0270
         Fax: (248) 936-2105